

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

October 20, 2021

**BY ECF**
The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

  Re: *United States v. Kevin Christopher*, 21 Cr. 151 (PMH)

Dear Judge Halpern:

  The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for October 27, 2021. For the reasons explained below, the Government submits that a sentence within the stipulated Guidelines range of 27 to 33 months (the "Guidelines Range"), would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

  **I.** **Factual Background**

  A hospital in Yonkers, New York (the "Hospital") maintained a payroll account (the "Payroll Account") with a financial institution ("Financial Institution-1"), which was used to pay the salaries and business expenses of hospital employees. On April 24, 2019, an employee at the Hospital identified a bookkeeping discrepancy with respect to wire transfers from the Payroll Account. The Hospital conducted an audit of the Payroll Account and identified unauthorized, fraudulent transactions between October 2017 and April 2019, totaling $469,411.02. (PSR ¶¶ 7-8.)

  Multiple credit card issuers and business retailers received unauthorized payments from the Payroll Account. Funds were transferred to accounts in the name of Kevin Christopher, the defendant, who had no affiliation with the Hospital, and who listed his home address and phone number on the accounts he used to receive the funds. According to Financial Institution-1, these fraudulent transfers were conducted by automated clearing house (ACH) transfer, a financial transaction method used by financial institutions to process transactions over a computer-based electronic network. Financial Institution-1 used computer servers located in Toronto, Ontario, Canada, to conduct ACH transfers, including the fraudulent transfers from the Payroll Account. Other servers used to process ACH transfers with fraudulently obtained funds were located in various states in the U.S., including Arizona. (PSR ¶¶ 8-11, 13.) Christopher also withdrew cash at ATMs, and used the Payroll Account to pay for $24,000 in services at a dental office in Bronx, New York. (*Id.* ¶¶ 14, 22.)

The defendant was charged by complaint with wire fraud in violation of 18 U.S.C. § 1343. He was arrested on October 6, 2020, presented before the Honorable Judith C. McCarthy, and ordered released on bond.

## II. The Plea and Guidelines Calculation

On March 16, 2021, pursuant to a plea agreement with the Government (the "Plea Agreement"), the defendant pleaded guilty to Count One of the Information, charging him with wire fraud, in violation of Title 18, United States Code, Section 1343. As stated in the Plea Agreement, the defendant's stipulated range under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") is 27 to 33 months' imprisonment, based on an offense level of 16 and a criminal history category of III.

## III. Presentence Investigation Report And Probation's Recommended Sentence

The United States Probation Office ("Probation") calculates the applicable Guidelines as 41 to 51 months' imprisonment, based on an offense level of 16 and a criminal history category of V. (Dkt. No. 28 at 20.) That calculation differs from the Guidelines Range set forth in the Plea Agreement, in that it adds six criminal history points in connection with the defendant's 2003 sentence for two counts of criminal possession of a controlled substance in the fifth degree (each of which warranted three points). Probation recommends a custodial sentence of 41 months, followed by three years of supervised release.

The Government acknowledges Probation's calculation of the applicable Guidelines. Nonetheless, the Government stands by its stipulations in the plea agreement.

## IV. The Defendant's Submission

The defendant's sentencing submission (Dkt. No. 32) requests that the Court impose a non-Guidelines sentence. It argues that the defendant is remorseful, would face difficult conditions of incarceration because of the COVID-19 pandemic and is at risk of complications from COVID-19, and enjoys support from his community. (*Id.* at 4-8.) Finally, it notes that Christopher quickly accepted responsibility. (*Id.* at 8.)

## V. Discussion

### A. Applicable Law

The Guidelines still provide important guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Indeed, although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which

"should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### B.  A Guidelines Sentence Is Reasonable In This Case

The Government respectfully submits that the application of the statutory sentencing factors set forth in Title 18, United States Code, Section 3553(a) weighs in favor of a sentence within the stipulated Guidelines Range of 27 to 33 months' imprisonment. The factors particularly applicable here include the need for the sentence to reflect the nature and seriousness of the offense, to afford adequate deterrence to this defendant and others, and to promote respect for the law. 18 U.S.C. § 3553(a)(2)(A)-(C).

*First*, a sentence within the Guidelines Range would appropriately reflect the nature and seriousness of the defendant's conduct. Kevin Christopher went on an 18-month shopping spree with a hospital's money. At the hospital's expense, Christopher paid enormous credit card bills, causing fraudulent transfers to nearly a dozen financial institutions and retailers. He spent thousands of dollars on dental services for himself and withdrew large amounts of cash. In total, Christopher spent, and has agreed to forfeit, the substantial sum of $469,411.02.

*Second*, a sentence within the Guidelines Range is both sufficient and necessary to afford adequate deterrence to the defendant and others similarly situated and promote respect for the law. The defendant stole for his own gain, taking significant amounts of money on multiple occasions over a sustained period. A Guidelines sentence would send a message to the defendant that such behavior will not be tolerated. It would also signal to others in the defendant's position— individuals seeking to take advantage of the theft of sensitive financial information—that seeking enrichment through those means is not worth the risk.

*Third*, the Guidelines Range of 27 to 33 months' imprisonment is appropriate given the defendant's history, characteristics and role in the charged scheme. Christopher has a limited history of employment and has committed multiple prior offenses, starting at a young age and continuing throughout his adulthood. At age 16, he was convicted of criminal trespass, then attempted robbery. (PSR ¶¶ 46-47.) At age 21, he forcibly stole property while brandishing a knife, and was convicted of petit larceny. (*Id.* ¶ 49.) After turning 22, he was convicted of selling crack. (*Id.* ¶¶ 51-52.) In his 30s, he was convicted of five more drug crimes (*id.* ¶¶ 54-64,) as well as assault (*id.* ¶ 66.) Finally, at age 41, he was found in possession of crack. (*Id.* ¶¶ 69-70.) Even having reached his 50s, Christopher proved with the instant offense that he had not aged out of crime. A Guidelines sentence is necessary to deter Christopher and protect the public from further crime.

In sum, a sentence within the stipulated Guidelines Range would adequately balance the various considerations under § 3553(a) and achieve the statute's stated objectives.

## VI.   Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the stipulated Guidelines Range of 27 to 33 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: /s/ T. Josiah Pertz
T. Josiah Pertz
Assistant United States Attorney
(914) 993-1966

cc:  Elizabeth Quinn, Esq. (ECF)