UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

KEVIN CHRISTOPHER,

                Defendant.

**MEMORANDUM**
**OPINION AND ORDER**

21-CR-00151 (PMH)

PHILIP M. HALPERN, United States District Judge:

      On September 28, 2022, the Court entered a Memorandum Opinion and Order ("Prior Order") denying Kevin Christopher's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), finding that a reduction in Mr. Christopher's sentence was neither "consistent with the applicable policy statements issued by the Sentencing Commission," *id.*, nor supported by the "factors set forth in section 3553(a)," *id.* § 3582(c)(1)(A).[1] (Doc. 54). On January 10, 2023, Mr. Christopher moved again for compassionate release, on the same grounds as the prior motion—that he has a serious physical or medical condition, is at increased risk of severe illness should he contract the COVID-19 virus, and the pandemic has rendered Mr. Christopher's incarceration harsher than would have otherwise been the case. (Doc. 55). The Government served and filed opposition on January 17, 2023. (Doc. 57). Pursuant to the Court's briefing schedule, Mr. Christopher's reply papers, if any, were due within thirty days from the date of service of the Government's opposition. (Doc. 56). No reply papers have been filed to date.

---

[1] This decision is available on commercial databases. *See United States v. Christopher*, No. 21-CR-00151, 2022 WL 4538450 (S.D.N.Y. Sept. 28, 2022).

When Mr. Christopher filed the instant motion, he was housed at FCI Danbury ("Danbury"). At some point thereafter, and prior to the filing of the Government's opposition, Mr. Christopher was transferred to Devens FMC ("Devens"), an administrative security federal medical center with an adjacent minimum security satellite camp. (https://www.bop.gov/locations/institutions/dev/ (last visited March 30, 2023)). According to the Bureau of Prisons ("BOP"), Mr. Christopher's projected release date is February 11, 2024. (https://www.bop.gov/inmateloc// (last visited March 30, 2023)). The facts and background of this case are laid out in detail in the Prior Order and need not be repeated herein. Any additional facts necessary for this Memorandum Opinion and Order are incorporated where appropriate *infra*.

As explained in the Prior Order, the applicable statutory scheme requires first that a court determine that a defendant has exhausted his administrative remedies, that "extraordinary and compelling" reasons exist for a reduction in sentence, and that such reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Once these elements are met, the Court must then consider and determine whether the § 3553(a) factors support early release, including: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," and (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct." support early release. 18 U.S.C. § 3553(a).

The Government's opposition focuses on the exhaustion of administrative remedies requirement, contending that Mr. Christopher's alleged failure to exhaust mandates denial of the

motion.² Mr. Christopher asserts in his motion that he submitted a compassionate release form to Warden Pullen of Danbury, but he does not attach a copy of his request or any proof to support this claim. The record similarly bears no indication that Mr. Christopher requested compassionate release from the Warden at Devens after his transfer there, he has not attached a denial of compassionate release from the Warden at Devens, and has not provided any reasoning or explanation as to why he has not requested compassionate release from the Warden at Devens. Regardless of these shortcomings, the Court considers the merits of Mr. Christopher's motion "for the sake of judicial economy and to avoid future motions based on the facts asserted in this motion." *See United States v. Gineyard*, No. 19-CR-00144, 2021 WL 531969, at *3 (D. Conn. Feb. 12, 2021).

Mr. Christopher is not entitled to a sentence reduction because, assuming *arguendo* that he exhausted administrative remedies, the Court continues to believe that he has failed to establish extraordinary and compelling reasons, and consideration of the factors set forth at 18 U.S.C. § 3553(a) does not warrant the relief requested. Mr. Christopher has not provided any new evidence or other change in circumstances since his previous application was made and denied by the Court. Moreover, Mr. Christopher's motion for compassionate release relies entirely on the conditions at Danbury, but he has since been transferred to Devens. "As such, '[n]ow that [Mr. Christopher] has been transferred, his reliance on the conditions at [Danbury] is moot.'" *United States v. Diallo*, No. 19-CR-00189, 2021 WL 2183089, at *3 (S.D.N.Y. May 27, 2021) (quoting *United States v. Hooker*, No. 18-CR-00768, 2020 WL 6504539, at *3 (S.D.N.Y. Nov. 5, 2020)).

---

² The Government represents that "[t]he BOP has not found a record of [Mr. Christopher's] application" to the Warden, a prerequisite to filing a compassionate release motion in Court under Section 3582(c)(1)(A). The Court notes that this contention is unsupported by any affidavit by a person with personal knowledge or custodian of records.

"[A] compassionate-release motion 'is not an opportunity to second guess or to reconsider' the sentencing court's original decision." *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. Nov. 2, 2020). As fully set forth in the Prior Order, the Court sentenced Mr. Christopher on October 27, 2021 to 33 months in prison—a sentence significantly below the Sentencing Guidelines Range, and consistent with the parties' plea agreement. (*See* Doc. 39; Doc. 44; *see also* Doc. 54 at 2). The ongoing COVID-19 pandemic, even in view of Mr. Christopher's medical conditions, does not warrant a reduction of his sentence for the reasons set forth in the Prior Order. The Court has considered all of the relevant § 3553(a) factors, including the nature and circumstances of the offense of conviction; Mr. Christopher's history and characteristics; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to afford adequate deterrence to any future criminal conduct by Mr. Christopher and protect the public from any further crimes that he might commit; the need to provide medical care in the most effective manner, particularly in view of this current pandemic; the need to avoid unwarranted sentence disparities among defendants with similar records convicted of similar conduct; and the recommendations under the Sentencing Guidelines as to an appropriate sentence. For the same reasons set forth in the Prior Order, entered less than four months before the instant motion, granting Mr. Christopher's request would seriously undermine the fairness and purpose of the original sentence. See *United States v. Brown*, 511 F. Supp. 3d 431, 435 (W.D.N.Y. 2021) (citing *Roney*, 833 Fed. Appx. at 854 ("[C]ourts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence.")), *aff'd*, No. 21-122, 2021 WL 5872940 (2d Cir. Dec. 13, 2021).

For the reasons stated above, because Mr. Christopher's motion for compassionate release is moot insofar as he relies on the conditions at Danbury, he has not demonstrated the existence of extraordinary and compelling reasons and that his release would be consistent with the applicable policy statement, and the Section 3553(a) factors militate against reducing Mr. Christopher's sentence, his motion for compassionate release is DENIED.

The Clerk of Court is respectfully requested to terminate the pending motion. (Doc. 55).

The Government is directed to serve a copy of this Memorandum Opinion and Order on Mr. Christopher.

**SO ORDERED:**

Dated: White Plains, New York
       March 31, 2023

_____
Philip M. Halpern
United States District Judge